ROSA BENASUTTI, as Administratrix of the Estate of LOUIS BENASUTTI, Deceased, Appellant, v. HENRY MANDEL BUILDING Co., INC., and Another, Respondents.— Action against Mandel Company, general contractor, and Knickerbocker Company, a subcontractor, to recover for the death of plaintiff's intestate. At the time of the accident, cement was being carried to the eighteenth floor by the subcontractor by means of a hod hoist that had been installed for its use under the direction of the general contractor, and which was operated through temporary openings in the various floors, called the hoistway. Plaintiff's intestate, an employee of another subcontractor for the brick work and masonry, while working on the sixth floor close to the unguarded south side of said hoist shaft, with his head slightly extended into the shaft temporarily to enable him to do his work, was struck on his head by the swiftly descending hod hoist and knocked into and down to the bottom of the shaft and killed. The respondents were charged with negligence in not having the shaft opening on the sixth floor, where decedent was working, properly guarded, and in failing to give notice and warning that the hod hoist, which had been idle for a week or ten days, was to be in operation on the morning of the accident. Judgment in favor of the defendants reversed on the law and a new trial granted, with costs to the appellant to abide the event. In our opinion, there were prejudicial errors in the court's charge to the jury, " that if the jury finds that the deceased, Mr. Benasutti, knew or should have known that the shaft was there, and that it was unguarded; and that he knew or should have known the condition of the floor around the shaft opening, and that the hod hoist was operating, and exercised all ordinary care, to have known it then, if he knew or under the circumstances should have known these conditions, as a matter of law the jury must find that he assumed the risk, plaintiff cannot recover, and their verdict must be for the defendants." And also, " that if the plaintiff's intestate, Mr. Benasutti, went to work in or around the shaft opening, in the face of an open, apparent, and exposed danger, the jury may find that he assumed all

ordinary risks incident to such a position; and in that event, if he was injured as the result of such risk, they may find in favor of the defendants." The court also erred in failing to submit to the jury the question of the defendants' negligence in resuming the operation of the hod hoist on the morning of the accident, without notice to the decedent and the other workmen on the sixth floor of their intention to do so. For these reasons and in the interest of justice, we deem a new trial necessary. Hagarty and Tompkins, JJ., concur; Lazansky, P. J., concurs in result; Carswell, J., concurs in result on the ground that submission was under circumstances of confusion, with the doctrine of assumption of risk improperly injected, and the interests of justice require a new trial; Davis, J., dissents and votes to affirm.